UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ANTHONY AROMIN and FE AROMIN,**
        Plaintiffs,

v.                                                        Civil Action No. 2:05cv54

**JAMES HILL,**

and

**K.L. BLUNT**

and

**ANY AND ALL DOES,**
        Defendants.

## ORDER AND OPINION

Currently before the court is individual defendants, James Hill and K.L. Blunt, and the United States' joint motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out herein, **GRANTS** the defendants' motion to dismiss.

### I. Factual and Procedural Background

This matter arises as a result of pro se plaintiffs' claim that in February 2004, defendants Hill and Blunt, both agents employed by the Internal Revenue Service (IRS), fraudulently filed a "Notice of Federal Tax Lien" without a valid actual lien being filed in the proper jurisdiction.

Plaintiffs allege in their amended complaint, filed on May 22, 2005, that defendants acted beyond their authority by trespassing on private property with malicious intent, and that defendants deprived plaintiffs of their private property without authority by filing the fraudulent lien.  As a result of the agents' alleged actions of filing, serving, and recording the fraudulent lien, plaintiffs allege that their Fourth, Fifth, and Fourteenth Amendment rights were violated.  Plaintiffs claim that as a result of the fraudulent lien: assets in their family and business trusts were wrongfully seized, they were unable to sell their home, they were unable to refinance when rates were low, they were unable to purchase a new home, and they now have a tarnished credit record and suffered damage to their good name.  Plaintiffs seek compensatory and punitive damages as well as unspecified declaratory relief.

Defendants responded to plaintiffs' amended complaint with a 12(b)(1) motion to dismiss for lack of jurisdiction, a memorandum, and a Roseboro warning, see Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that were mailed to plaintiffs via first-class mail postage prepaid on July 6, 2005.  In the defendants' Roseboro notice, filed pursuant to Local Rule 7(K), the plaintiffs were properly advised of their rights regarding filing a responsive memorandum.  To date, the plaintiffs have failed to file such response and the period for such filing has long since expired.  In the memorandum filed jointly by the named defendants and the United States, it is argued that agents Blunt and Hill acting in their official capacity as IRS agents cannot be sued individually; rather, the action must be filed solely against the United States.  Furthermore, defendants allege that this court does not have subject matter jurisdiction over this matter because the United States has not waived sovereign immunity thereby allowing this type of case to be heard.  For the reasons discussed below, this court agrees with defendants and dismisses for lack of subject matter jurisdiction.

## II. Analysis

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face or attack underlying jurisdictional claims contained in the complaint. Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1094 (E.D. Va. 1995). The burden of establishing jurisdiction lies with the plaintiff, and when determining jurisdiction, the trial court may consider facts outside of the pleadings without converting the motion into one for summary judgement. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Likewise, in weighing the evidence the court may resolve factual questions to determine its jurisdiction. Id. Here, because suits against IRS agents acting in their official capacity are properly brought against the United States, the United States has not waived sovereign immunity, and because plaintiffs cannot establish a valid Bivens claim, the plaintiffs fail to meet their burden of establishing jurisdiction.

  A. Claims against defendants Hill and Blunt individually are in effect claims against the United States and must be dismissed.[1]

Plaintiffs' claims against defendants Hill and Blunt in their individual capacity fail as defendants' challenged actions were directly related to the collection of federal taxes. The filing of a federal tax lien, squarely in the scope of IRS agents' duty, may be challenged only in a suit against the United States, not any of its employees. Liebig v. Kelley-Allee, 923 F. Supp. 778, 781 (E.D.N.C. 1996) ("[T]he *effect* of [plaintiff's] allegations against the I.R.S. defendants is to make allegations against their principal-the United States. Regardless of the verbiage plaintiff

---

[1] Plaintiffs could potentially proceed against agents Hill and Blunt individually in either a Bivens action or under 26 U.S.C. § 7433; however, as infra section C discusses, neither claim succeeds in the present matter.

3

employs in describing his complaints, plaintiff's allegations all describe conduct by the defendants in their roles as employees of the IRS, not on their own behalf as individuals."); see also Ferrel v. Brown, 847 F. Supp 1524, 1526 (W.D. Wash. 1993) ("A claim against IRS employees acting in their official capacities is treated as an action against the United States."), aff'd, 40 F.3d 1049 (9th Cir. 1994); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (same); Burgos v. Milton, 709 F.2d 1, 2 (1st Cir. 1983) (same). Here, because plaintiffs' complaint only challenges agents Hill and Blunt's actions in their roles as employees of the IRS, plaintiffs may only entertain suit against the United States.

    B.    The United States is immune from suit under the doctrine of sovereign immunity, no waiver was made, no jurisdiction exists under 28 U.S.C. § 1983, and plaintiffs' equitable claims are barred by the Anti-Injunction Act.

It is well established that the United States cannot be sued under the doctrine of sovereign immunity unless it has expressly consented to the suit. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Orleans, 425 U.S. 807, 814 (1976). If the United States does consent, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Dalm, 494 U.S. at 608 (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). Furthermore, any waiver of sovereign immunity must be strictly construed in favor of the sovereign and not be expanded beyond what the language of the waiver requires. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983).

The United States has not waived its immunity in the present matter. Although the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, is a limited statutory waiver of such immunity, it does not apply to "[a]ny claim arising in respect of the assessment or collection

of any tax or customs duty." 28 U.S.C. § 2680(c). Here, the challenged action of filing a fraudulent lien is directly related to the collection of taxes, and thus, the limited waiver of the FTCA does not apply. See Perkins v. United States, 55 F.3d 910, 915 (4th Cir. 1995) ("In cases in which a specific tax debt of a specific taxpayer is at issue, the exemption immunizes the IRS from suit for activities that are even remotely related to the tax assessment or collection.").

Plaintiffs further allege jurisdiction persuant to 42 U.S.C. § 1983. However, this statute is inapplicable to plaintiffs' claims and does not establish jurisdiction in this court. Rather, section 1983 creates a cause of action to challenge the deprivation of constitutional or statutory rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Although this statute applies to "[e]very person," it prohibits the deprivation of constitutional or federal rights under color of state law. Federal IRS agents, in filing a federal tax lien, do not operate under color of state law. See District of Columbia v. Carter, 409 U.S. 418, 424 (1973) (holding § 1983 only applies to "deprivations of rights that are accomplished under the color of the law of 'any State or Territory'" and that § 1983 "does not reach . . . actions of the Federal Government"); Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) ("§ 1983 provides no cause of action against federal agents acting under color of federal law."); Yalkut v. Gemignani, 873 F.2d 31, 35 (2d Cir. 1989) (rejecting application of § 1983 to IRS agents' levy on plaintiff's bank account because the agents' actions "were purely federal in nature"). As a result, jurisdiction does not exist in this court under § 1983.

In addition to damages claims, plaintiffs' amended complaint seeks unspecified declaratory relief; however, such relief is affirmatively barred by the Anti-Injunction Act, which states, "no suit for the purpose of restraining the assessment or collection of any tax shall be

maintained in any court by any person." 26 U.S.C. § 7421(a).  Likewise, the Declaratory Judgement Act, which creates a declaratory judgment remedy in "any court of the United States," expressly excludes from its coverage controversies "with respect to Federal taxes."  28 U.S.C. § 2201(a).  Here, plaintiffs' claim for declaratory relief is without merit.

      C.    <u>Jurisdiction also does not lie in this court based on a *Bivens* claim brought against defendant IRS agents as individuals because the IRS code evinces Congress' intent to regulate the tax collection activities of IRS agents and as such, it is not this court's role to augment Congress' complex regulatory scheme.</u>

Plaintiffs' amended "Bivens complaint for Civil Rights damages" fails to establish jurisdiction in this court based on a valid <u>Bivens</u> claim.  <u>See</u> <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u>, 403 U.S. 388 (1971).  In <u>Bivens</u>, the Supreme Court created an exception to the rule barring suits against federal employees for actions taken in their official capacity, and provided for suits for monetary damages against federal officials for constitutional violations.  <u>Id.</u> at 395-96.  This narrow exception, however, has been interpreted by the Court to only apply if Congress has not provided "adequate remedial mechanisms for constitutional violations."  <u>Schweiker v. Chilicky</u>,  487 U.S. 412, 423 (1988); <u>see</u> <u>Judicial Watch, Inc. v. Rossotti</u>, 317 F.3d 401, 409 (4th Cir. 2003) ("The Court's refusal to extend <u>Bivens</u> has been especially apparent in cases involving complex statutory schemes in which Congress has considered and created meaningful avenues for redress."), <u>cert</u> <u>denied</u>, 540 U.S. 825 (2003).  Because the IRS code has extensive remedial mechanisms, it is improper for this court to apply the exception recognized in <u>Bivens</u>.

The extensive remedial mechanisms in the IRS code were discussed in detail by the Fourth Circuit Court of Appeals in <u>Judicial Watch</u>; the court stated: "It would be difficult to

conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code." Judicial Watch, 317 F.3d at 410. The court of appeals further noted, "In constructing this vast and exceedingly complex statutory apparatus . . . 'Congress has given taxpayers all sorts of rights against an overzealous official-dom.'" Id. (quoting Cameron v. Internal Revenue Service, 773 F.2d 126, 129 (7th Cir. 1985)). Continuing its analysis, the court of appeals considered the potential for unredressed claims that would occur if a Bivens cause of action was not recognized and noted that "the [Supreme] Court has never required that the remedies available in the context of a larger statutory scheme be perfect; just that they be 'meaningful.'" Id. at 413. Several other circuits are in agreement. See, e.g., Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir. 1997) (declining to create a Bivens remedy against IRS agents for a due process challenge resulting from property seizure and noting "the unavailability of complete relief does not mandate the creation of a Bivens remedy"); Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1454 (8th Cir. 1994) (declining to create Bivens remedy against IRS agents for due process challenge).

Furthermore, a Bivens remedy is inappropriate in this matter because the Internal Revenue Code expressly grants taxpayers the right to bring a civil damages action based on alleged IRS agent misconduct associated with the collection of taxes. 26 U.S.C. § 7433.[2] This remedy not only makes a Bivens remedy unnecessary, but Congress unequivocally states in § 7433(a) that "such civil action shall be the exclusive remedy for recovering damages resulting

---

[2] In Judicial Watch, the Fourth Circuit highlighted that 26 U.S.C. § 7433 was originally enacted as part of the "Taxpayer Bill of Rights" which "the name itself speaks volumes about Congress's explicit consideration of the remedies available to taxpayers." 317 F.3d at 411.

from such actions." Id. (emphasis added). Thus, the code appears to bar a Bivens action by establishing a civil suit under § 7433, filed after the taxpayer has first exhausted all administrative remedies, as the sole avenue for seeking relief for tax collection misconduct by IRS agents.[3] Id. As a result of the Internal Revenue Code's extensive remedial mechanisms as part of its complex regulatory system, including a specific code section designed to remedy the wrong alleged in this case, as well as a provision that a civil suit for damages under § 7433 be the exclusive remedy for misconduct associated with tax collection, this court declines to augment Congress' statutory scheme by recognizing a Bivens remedy.[4]

### III. Conclusion

For the reasons discussed above, the defendants' motion to dismiss is **GRANTED**. The pro se plaintiff is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Said written notice must be received by Clerk within thirty (30) days of the date of this final Order.

---

[3] Plaintiffs' complaint neither alleges jurisdiction under 26 U.S.C. § 7433, nor claims administrative remedies were exhausted before they filed suit in federal court and therefore, jurisdiction is not proper under 26 U.S.C. § 7433.

[4] The plaintiffs have an express remedy provided by the Internal Revenue Code, whereas in Judicial Watch the Fourth Circuit declined to recognize a Bivens remedy even when it left the plaintiff with injuries that would go unredressed. The Fourth Circuit ruled as such because of the complex regulatory scheme and political determinations made by Congress. Judicial Watch, 317 F.3d at 413; see Schweiker, 487 U.S. at 425. Therefore, if the Internal Revenue Code should not be augmented by a Bivens claim to correct an otherwise unredressable injury, the Code should certainly not be augmented when a remedy already exists.

The Clerk is **DIRECTED** to send a copy of this Order to the pro se plaintiff and defendant's counsel.

It is so **ORDERED**.

_____/s/_____
Jerome B. Friedman

August 19th, 2005
Norfolk, Virginia